IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Kendrick Dion Foxworth,<br><br>　　　　PETITIONER<br><br>　v.<br><br>United States of America,<br><br>　　　　RESPONDENT | Crim. No. 4:12-cr-00356-TLW-1<br>C/A No. 4:14-cv-00325-TLW<br><br><br>**Order** |

This matter comes before the Court for consideration of the pro se petition to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255 filed by Petitioner Kendrick Dion Foxworth. For the reasons stated below, the Court dismisses the petition.

## I.　Factual and Procedural History

Petitioner was indicted on a drug conspiracy charge, with threshold drug amounts of a quantity of cocaine and 280 grams or more of crack cocaine.[1] ECF No. 2. He ultimately entered into a plea agreement with the Government in which he agreed to plead to the lesser included threshold drug amount—specifically, a quantity of cocaine and 28 grams or more of crack cocaine—and the parties agreed to a stipulated sentence of 180 months pursuant to Rule 11(c)(1)(C). ECF No. 35 at ¶¶ 1, 16.

Prior to accepting Petitioner's guilty plea, the Court conducted a thorough Rule 11 colloquy with him. During the colloquy, the Court engaged in the following discussion with him regarding

---

[1] In addition, he was charged with several substantive counts of drug possession with intent to distribute and a felon in possession count, but these counts were ultimately dismissed at sentencing.

1

his counsel:

> THE COURT: Mr. Foxworth, have you received a copy of the indictment that sets forth the written charges against you?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: Have you had a chance to fully discuss these charges with Mr. Hoffmeyer?
>
> THE DEFENDANT: Yes, I have.
>
> THE COURT: Have you had sufficient time to consult with Mr. Hoffmeyer?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: Are you fully satisfied with the counsel, representation, and advice given to you in your case by your attorney?
>
> THE DEFENDANT: Yes, sir, I am.
>
> THE COURT: Is there anything you want Mr. Hoffmeyer to do for you that he has not done?
>
> THE DEFENDANT: No, sir. He's done pretty much, you know.
>
> THE COURT: Well, he's done everything you've asked him to do or wanted him to do; is that correct?
>
> THE DEFENDANT: Yes, sir.

After the AUSA summarized the plea agreement, including the Rule 11(c)(1)(C) stipulation, Petitioner acknowledged that those were the terms of his plea agreement. The Court also discussed the Rule 11(c)(1)(C) stipulation with him in detail:

> THE COURT: In paragraph 16 of the plea agreement, it states in part that both parties agree that the appropriate disposition of this case is a sentence of 180 months' actual incarceration. Do you understand that this provision is in your plea agreement?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: Do you understand this provision?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: If I do not impose a 180-month sentence in your case, you would

>>have the right—or a sentence that is higher than that, you would have a right to withdraw your plea, or I guess I would have to impose a sentence or the government could withdraw, but if I do not impose a 180-month sentence in your case, you would have the right to withdraw your plea. Do you understand that?

>THE DEFENDANT: Yes, sir, I do.

After the Government's case agent provided a factual summary, the Court engaged in the following discussion with Petitioner:

>THE COURT: Mr. Foxworth, you know what the charges are that have been brought against you. I've outlined those with you. Do you admit that you did what you are charged with?
>
>THE DEFENDANT: Yes, sir.
>
>THE COURT: You heard what this agent said. He said that you had conspired or agreed with others to distribute cocaine and crack cocaine. Is that what you did?
>
>THE DEFENDANT: Yes, sir.
>
>THE COURT: And he said that you worked with others or agreed with others to distribute cocaine, as I have said, and also that you agreed to distribute or sell 28 grams or more of crack cocaine. Did you do that?
>
>THE DEFENDANT: Yes, sir.
>
>THE COURT: What was your role—tell me what you did in this matter.
>
>THE DEFENDANT: Your Honor, like he said, I did over a course of years sell, in Marion County area, crack cocaine.
>
>THE COURT: And you agreed to sell 28 grams or more of crack cocaine; is that correct? Or you sold 28 grams or more of crack cocaine; is that correct?
>
>THE DEFENDANT: Yes, sir.
>
>THE COURT: And I don't think there is any question about it. It's straightforward. You heard what the agent said.
>
>THE DEFENDANT: Yes, sir.
>
>THE COURT: I want to make sure I don't have any confusion with you—I don't

3

|                  |                                                                                                                                                                             |
|------------------|-----------------------------------------------------------------------------------------------------------------------------------------------------------------------------|
|                  | have any confusion with you. But, again, you agree that you worked with others and conspired with others, you agreed with others to sell cocaine and 28 grams or more of crack cocaine; is that correct? |
| THE DEFENDANT:   | Yes, sir.                                                                                                                                                                   |
| THE COURT:       | And you fully admit to that; is that correct?                                                                                                                               |
| THE DEFENDANT:   | Yes, sir.                                                                                                                                                                   |

After concluding that Petitioner was competent, that the plea was entered into knowingly and voluntarily, and that there was a sufficient factual basis to support the plea, the Court accepted the guilty plea.

After Petitioner's guilty plea, the U.S. Probation Office prepared a Presentence Investigation Report (PSR), which concluded that he was a career offender under U.S.S.G. § 4B1.1 based on predicate convictions for Possession of Crack Cocaine With Intent to Distribute and Escape. PSR ¶¶ 26, 27. The PSR calculated his advisory guideline range at 188 to 235 months based on a total offense level of 31 and a criminal history category of VI. PSR ¶ 67.

Petitioner's counsel filed objections to both of these convictions counting as predicates, but he withdrew the objections at sentencing and asked the Court to impose the stipulated 180-month sentence. The following colloquy took place at the sentencing hearing between the AUSA, defense counsel, Petitioner, and the Court regarding the objections and the stipulated sentence:

| THE COURT:       | Mr. Hoffmeyer, are there objections to the presentence report?                                                                                                              |
| MR. HOFFMEYER:   | No, sir, Your Honor.                                                                                                                                                        |
| THE COURT:       | Mr. Foxworth, you've heard what your lawyer has said. He said there are no objections to the presentence report. Mr. Foxworth, do you have any objections to the presentence report? |
| THE DEFENDANT:   | No, sir, Your Honor.                                                                                                                                                        |
| THE COURT:       | Does the government have any objections to the presentence report?                                                                                                          |
| MR. PARHAM:      | No, Your Honor. And in exchange for Mr. Foxworth withdrawing his objections, the government is asking the Court to basically find                                           |

4

|  |  |
|---|---|
|  | the 11(c) agreement, which is just a few months below the low end of the guideline range. |
| THE COURT: | Thank you. Well, I'll note that there are no objections to the presentence report. I do accept the presentence report in this case, both as to the factual and legal conclusions set forth in the report. |
| . . . . | |
| THE COURT: | Well, I will either start—well, I guess I will start with you, Mr. Parham. There is an 11(c)(1)(C) recommendation in the plea agreement. Let me hear from you on that recommendation. |
| MR. PARHAM: | Yes, Your Honor. This matter was negotiated extensively between Mr. Bethea and Mr. Hoffmeyer. Your Honor, the 15-year minimum is a few months, eight months below the low end of the guideline range. That was anticipated. |
|  | Your Honor, the objections—Mr. Hoffmeyer lodged thorough and precise objections, some of which to drug amount, and giving the benefit of the doubt to the defendant in exchange for him withdrawing those objections, the government would recommend that Your Honor accept the 11(c) agreement to a 15-year sentence, Your Honor. |
| THE COURT: | Mr. Hoffmeyer, I presume that you are asking me on behalf of your client to accept the 11(c)(1)(C) recommendation; is that correct? |
| MR. HOFFMEYER: | Yes, sir, Your Honor. |
| THE COURT: | Well, I reviewed the file very carefully. I've heard from the government on its reasons for recommending a specific sentence that's below, slightly below the guideline range, the bottom of the guideline range that applies. And in light of what's been stated, I will accept the 11(c)(1)(C) recommendation in this case. |

As noted, the Court accepted the Rule 11(c)(1)(C) agreement and imposed a 180-month sentence. Petitioner did not appeal.

Petitioner timely filed this § 2255 petition, asserting generally that his appointed counsel provided ineffective assistance of counsel. ECF No. 48. Specifically, he asserts the following:

Ground 1: "Counsel provided ineffective assistance when he refused to investigate the petitioner's statute of limitations defense"

Ground 2: "Counsel provided ineffective assistance when he continued to represent a

5

>    conflict of interest between the parties"
>
> Ground 3:  "Counsel was ineffective when he refused to object to the career offender enhancement based upon a non-violent state conviction"
>
> Ground 4:  "The United States committed prosecutorial misconduct when it allowed its witnesses to perjure themselves before the federal grand jury"

*Id.* at 4–11.   The Government filed a response in opposition and motion for summary judgment, referencing the affidavit filed by defense counsel.  ECF Nos. 55, 56, 57.  Petitioner then filed a reply in which he essentially reasserted his arguments set forth in the original petition.[2]  ECF No. 60.

Over a year after the primary briefing on the petition was complete, Petitioner filed several motions to amend his petition to assert a claim for relief under *Johnson v. United States*, 135 S. Ct. 2551 (2015), specifically that his prior conviction for Escape is not a crime of violence for career offender purposes and that his 180-month sentence therefore violates due process.[3]  *See* ECF Nos. 73, 75, 77, 78.  Finally, he recently filed a supplemental memorandum addressing the impact of the Supreme Court's recent decision in *Beckles v. United States*, ___ S. Ct. ___, 2017 WL 855781, at *9 (Mar. 6, 2017).  ECF No. 82.

This matter is now ripe for decision.

## II.   28 U.S.C. § 2255

Title 28, Section 2255 of the United States Code provides that a prisoner in custody under

---

[2] He later filed a motion to amend his petition to include some additional documentation.  ECF No. 64.  That motion is **GRANTED**.  The Court has reviewed the additional information provided and has given it the weight it is due.

[3] The motions to amend, ECF Nos. 73, 75, 77, are **GRANTED**.  The Court will address this additional claim below.

sentence of a federal court may file a petition in the court that imposed the sentence to vacate, set aside, or correct the sentence. A petitioner is entitled to relief under § 2255 if he proves by a preponderance of the evidence one of the following: (1) that the sentence was imposed in violation of the Constitution or laws of the United States; (2) that the court was without jurisdiction to impose such sentence; (3) that the sentence was in excess of the maximum authorized by law; or (4) that the sentence is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255(a); *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958) (per curiam). "The scope of review of non-constitutional error is more limited than that of constitutional error; a non-constitutional error does not provide a basis for collateral attack unless it involves 'a fundamental defect which inherently results in a complete miscarriage of justice,' or is 'inconsistent with the rudimentary demands of fair procedure.'" *Leano v. United States*, 334 F. Supp. 2d 885, 890 (D.S.C. 2004) (quoting *United States v. Mikalajunas*, 186 F.3d 490, 495–96 (4th Cir. 1999)).

In deciding a § 2255 petition, a court need not hold a hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). The Court has thoroughly reviewed the motions, files, and records in this case, liberally construing Petitioner's filings, and finds that no hearing is necessary.

## III.     Standard of Review

Petitioner brings this petition pro se. Courts are required to liberally construe pleadings filed by pro se litigants to allow for the development of potentially meritorious claims. *See Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam). These pleadings are held to a less stringent standard than those drafted by attorneys. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). However, "[t]he 'special judicial solicitude' with which a district court should view such pro se complaints does not transform the court into an advocate. Only those questions which are

7

squarely presented to a court may properly be addressed." *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

The Government filed a motion for summary judgment. "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). At the summary judgment stage, the Court must view the evidence in the light most favorable to the non-moving party and draw all justifiable inferences in its favor. *Anderson v. Liberty Lobby Inc.*, 447 U.S. 242, 255 (1986).

## IV.   Discussion

### A.   Ineffective assistance of counsel

As noted above, Petitioner asserts several ineffective assistance of counsel claims against his appointed counsel. To prevail on an ineffective assistance claim, Petitioner must show (1) that counsel's acts or omissions fell below an objective standard of reasonableness; and (2) that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. *See Strickland v. Washington*, 466 U.S. 668, 687–88, 694 (1984); *Hooper v. Garraghty*, 845 F.2d 471, 475 (4th Cir. 1988). Failure of proof on either prong ends the matter. *United States v. Roane*, 378 F.3d 382, 404 (4th Cir. 2004). There is "a strong presumption that counsel's conduct falls within the wide range of professional assistance," and Petitioner has the burden of overcoming this presumption. *Strickland*, 466 U.S. at 689. An ineffective assistance of counsel allegation requires the submission of specific facts in support of the claim. *See United States v. Witherspoon*, 231 F.3d 923, 926 (4th Cir. 2000).

In order for a petitioner who has pled guilty to prevail on an ineffective assistance claim,

he must show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). Additionally, "a petitioner must convince the court that a decision to reject the plea bargain would have been rational under the circumstances." *Padilla v. Kentucky*, 559 U.S. 356, 372 (2010).

The Court will discuss each of Petitioner's claims.

### 1.   *Statute of limitations*

Petitioner asserts that "[c]ounsel provided ineffective assistance when he refused to investigate the petitioner's statute of limitations defense." ECF No. 48 at 4. There is no merit to this contention. As his defense counsel stated in his affidavit and as reflected in the PSR, Petitioner's conduct clearly fell within the time frame set forth in the Indictment; there was no viable statute of limitations defense. Thus, he cannot meet the *Hill* test or either prong of the *Strickland* test and is therefore not entitled to relief on that basis.

### 2.   *Conflict of interest*

Petitioner next asserts that "[c]ounsel provided ineffective assistance when he continued to represent a conflict of interest between the parties." ECF No. 48 at 6. He asserts that it was a conflict of interest for defense counsel to continue to represent Petitioner in light of counsel's disagreement regarding Petitioner's desire to raise a statute of limitations defense. *Id.* There is no merit to this claim. Petitioner allegedly disagreeing with defense counsel about the viability of a statute of limitations defense does not present a conflict of interest, particularly because, as noted above, there was no viable statute of limitations defense. *See United States v. Gibson*, 55 F.3d 173, 179 (5th Cir. 1995) ("Counsel is not required by the Sixth Amendment to file meritless

9

motions."). Thus, he cannot meet the *Hill* test or either prong of the *Strickland* test and is therefore not entitled to relief on that basis.

### 3.     *Career offender enhancement*

Petitioner next asserts that "[c]ounsel was ineffective when he refused to object to the career offender enhancement based upon a non-violent state conviction." ECF No. 48 at 9. To the contrary, counsel did file an objection to the career offender enhancement, as it was uncertain at the time whether a conviction for Escape counted as a career offender predicate. Rather than litigating that issue, Petitioner agreed with the Government to a stipulated sentence of 180 months pursuant to Rule 11(c)(1)(C). *See* ECF No. 35 at ¶ 16. Having agreed to a stipulated sentence, there was no need to litigate the career offender issue at sentencing, and counsel and Defendant both informed the Court that there were no objections to the PSR.

The Government also points out that by pleading guilty to the lesser included drug amount and accepting the 180-month stipulation, he avoided the mandatory life sentence that would have applied had the Government filed the § 851 enhancements and prevailed at trial.[4] ECF No. 56 at 2. Thus, given the uncertainty at the time surrounding the use of an Escape conviction as a career offender predicate and the mandatory life sentence he would have faced had he proceeded to trial, the Court cannot say that defense counsel was ineffective under *Strickland*, much less that "there is a reasonable probability that, but for counsel's errors, [Petitioner] would not have pleaded guilty and would have insisted on going to trial," *Hill*, 474 U.S. at 59, or that "a decision to reject the plea bargain would have been rational under the circumstances," *Padilla*, 559 U.S. at 372.

---

[4] Defense counsel's affidavit also supports this characterization of the negotiations in this case. ECF No. 55 at 2.

Accordingly, he is not entitled to relief on this claim.

### 4.   *Prosecutorial misconduct*

Finally, Petitioner asserts that "[t]he United States committed prosecutorial misconduct when it allowed its witnesses to perjure themselves before the federal grand jury." ECF No. 48 at 10. Specifically, he says that the Government's witnesses committed perjury because he was either incarcerated or in North Carolina at all relevant times. *Id.*

Petitioner's admissions in open court at his change of plea hearing contradict this claim and he provides no factual support for this allegation. The Indictment reflects that the conspiracy existed from January 2002 through April 2012, the date of the Indictment. ECF No. 2 at 1. The PSR reflects that he was employed in Mullins, South Carolina from July 2004 to November 2005, that he was employed in Marion, South Carolina from May 2008 to December 2011, that he married his ex-wife in North Myrtle Beach, South Carolina in April 2006, and that he had been residing in North Myrtle Beach with his fiancée and their daughter for two years at the time of his arrest in May 2012. PSR ¶¶ 52, 54, 62, 64. Furthermore, as it specifically relates to the drug conspiracy, police conducted two controlled purchases of crack cocaine from him in Marion, South Carolina in September 2011, and he was arrested in Marion in March 2012 with a significant quantity of crack cocaine in his vehicle. PSR ¶¶ 13–14, 16–18. Thus, there is no merit to this claim, and he is not entitled to relief on that basis.

### B.   **Relief under *Johnson***

As discussed above, Petitioner also asserts that his 180-month sentence violates due process because his prior conviction for Escape is not a crime of violence for career offender purposes in light of *Johnson*. In that case, the Supreme Court held that the Armed Career Criminal

11

Act's residual clause is unconstitutionally vague, and he asserts that this also applies to invalidate the residual clause in the career offender sentencing guideline, formerly found at § 4B1.2(a)(2).[5] However, since he filed his petition, the Supreme Court has concluded that "the advisory Sentencing Guidelines are not subject to a vagueness challenge under the Due Process Clause and that § 4B1.2(a)'s residual clause is not void for vagueness." *Beckles v. United States*, ___ S. Ct. ___, 2017 WL 855781, at *9 (Mar. 6, 2017).

In Petitioner's supplemental memorandum, he argues that *Beckles* does not decide his case because he timely filed his petition within one year of his judgment becoming final. ECF No. 82 at 1. However, the timeliness of his petition is not at issue here. The basis of his claim is that he should be resentenced because the residual clause in the career offender guideline is unconstitutionally vague in light of *Johnson*. However, in *Beckles*, the Supreme Court definitively held that the career offender guideline's residual clause is not void for vagueness under *Johnson* because the guidelines are not subject to a vagueness challenge. The fact that his petition may have been timely filed is irrelevant because he is not entitled to relief on the merits of his *Johnson* claim. *See also United States v. Foote*, 784 F.3d 931, 936 (4th Cir. 2015) (concluding that an erroneous application of the sentencing guidelines, including a career offender designation, is not cognizable on collateral review pursuant to § 2255).

In addition, as the Government points out, Petitioner was not sentenced pursuant to the guidelines and was instead sentenced pursuant to the Rule 11(c)(1)(C) agreement. ECF No. 56 at 2. As he acknowledges in his supplemental memorandum, the general rule is that "a sentence imposed pursuant to a Rule 11(c)(1)(C) plea agreement is contractual and not based on the

---

[5] After the *Johnson* decision, the career offender guideline was revised, and the residual clause was deleted. *See* U.S. Sentencing Guidelines Manual § 4B1.2(a)(2) (U.S. Sentencing Comm'n 2016).

12

guidelines . . . ." ECF No. 82 at 5. He argues that his sentence was, in fact, based on the guidelines and that he is therefore entitled to a reduction pursuant to Justice Sotomayor's concurrence in *Freeman v. United States*, 564 U.S. 522 (2011).[6]

In her concurrence, Justice Sotomayor first acknowledged the general rule that a sentence imposed pursuant to a Rule 11(c)(1)(C) plea agreement is based on the agreement, not the guidelines. *Freeman*, 564 U.S. at 536 (Sotomayor, J., concurring). However, she recognized an exception when the plea agreement itself expressly uses a sentencing range to establish the term of imprisonment. *See id.* at 538–39 and n.2.

In support of his argument, Petitioner asserts that "[his] stipulated sentence obviously was negotiated in light of the determination that [he] was a career offender," ECF No. 78 at 12, and he notes that the stipulated sentence of 180 months is close to his guideline range of 188 to 235 months, ECF No. 82 at 5. However, this asserted foundation for the stipulated sentence was not set forth in the plea agreement, which simply states that the parties "agree that the appropriate disposition of this case (irrespective of any fines and/or forfeitures) is a sentence of 180 months actual incarceration . . . ." ECF No. 35 at ¶ 16.

The Court also notes that, as discussed previously, by agreeing to plead guilty to a stipulated 180-month sentence, he avoided the mandatory life sentence that would have applied had the Government filed the § 851 enhancements and prevailed at trial. In its response to the petition, the Government states, "Guideline calculations have no bearing on this sentence. As noted [Petitioner] had two prior convictions which could have been used to enhance his sentence to mandatory life. He had two choices—go to trial and face a mandatory life sentence or plead

---

[6] Justice Sotomayor's concurrence is the controlling opinion because it is the narrowest ground upon which a majority of justices implicitly agreed. *See United States v. Brown*, 653 F.3d 337, 340 and n.1 (4th Cir. 2011).

guilty and accept 180 months as his sentence." ECF No. 56 at 2. Defense counsel in his affidavit confirms this position, stating "because of the two prior drug convictions the Government could have filed an 851 enhancement but elected not to do so. If they had done so, then he would have faced a mandatory sentence of life imprisonment. Therefore, the plea agreement had a significant and beneficial impact." ECF No. 55 at 2–3. The basis for the Rule 11(c)(1)(C) plea agreement was to give Petitioner the opportunity to negotiate a 180-month sentence to avoid a possible life sentence. The record reflects that the sentencing guidelines were not the basis for the Rule 11(c)(1)(C) plea agreement.

Thus, the Court concludes that Petitioner is not entitled to relief under *Freeman*, as Justice Sotomayor was explicit in limiting the exception to when the plea agreement itself expressly uses a sentencing range to establish the term of imprisonment. *See Freeman*, 564 U.S. at 538–39 and n.2 (Sotomayor, J., concurring). The fact that his stipulated sentence was negotiated "in the shadow of the sentencing scheme to which [he] would otherwise be subject" is irrelevant. *See id.* at 538.

## V.     Conclusion

For the reasons stated, the Government's Motion for Summary Judgment, ECF No. 57, is **GRANTED** and Petitioner's petition for relief pursuant to § 2255, ECF No. 48, is **DENIED**. This action is hereby **DISMISSED**.

The Court has reviewed this petition in accordance with Rule 11 of the Rules Governing Section 2255 Proceedings. In order for the Court to issue a certificate of appealability, Rule 11 requires that Petitioner satisfy the requirements of 28 U.S.C. § 2253(c)(2), which in turn requires that he "has made a substantial showing of the denial of a constitutional right." The Court concludes that he has not made such a showing, and it is therefore not appropriate to issue a

certificate of appealability as to the issues raised in this petition.  Petitioner is advised that he may seek a certificate from the Fourth Circuit Court of Appeals under Rule 22 of the Federal Rules of Appellate Procedure.

**IT IS SO ORDERED**.

<i>s/ Terry L. Wooten</i><br>
Terry L. Wooten<br>
Chief United States District Judge

March 28, 2017
Columbia, South Carolina