IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| Kendrick Dion Foxworth, | Crim. No. 4:12-cr-00356-TLW-1 |
| PETITIONER | C/A No. 4:14-cv-00325-TLW |
| v. | |
| United States of America, | **Order** |
| RESPONDENT | |

Before the Court is Petitioner Kendrick Dion Foxworth's motion for reconsideration of the Court's order dismissing his § 2255 petition. A Rule 59(e) motion may only be granted "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice. It is an extraordinary remedy that should be applied sparingly." *Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc.*, 674 F.3d 369, 378 (4th Cir. 2012) (citations omitted).

Petitioner raises two points in his motion for reconsideration: (1) that the Court did not address his claim made pursuant to *Descamps v. United States*, 570 U.S. 254 (2013), specifically that his prior conviction for Escape is no longer a career offender predicate; and (2) that the Court incorrectly determined that he was sentenced pursuant to a Rule 11(c)(1)(C) agreement, rather than the guidelines. There is no merit to either ground.

Regarding the career offender enhancement, the Court concluded that Petitioner was not entitled to relief pursuant to *Johnson v. United States*, 135 S. Ct. 2551 (2015) because the Supreme Court in *Beckles v. United States*, 137 S. Ct. 886 (2017) concluded that the sentencing guidelines are not subject to the same vagueness challenge that doomed the ACCA's residual clause in *Johnson*. ECF No. 87 at 11–12. The Court also cited the Fourth Circuit's decision in *United States*

1

*v. Foote*, 784 F.3d 931 (4th Cir. 2015) for the proposition that an erroneous application of the sentencing guidelines, including a career designation, is not cognizable on collateral review pursuant to § 2255. *Id.* at 12. Thus, to the extent that his *Descamps* challenge to his Escape conviction counting as a career offender predicate is truly a free-standing claim, he is not entitled to relief pursuant to *Foote*. Because he is not entitled to relief on the merits, the fact that his petition was timely filed is irrelevant.

Regarding the Court's holding that Petitioner was sentenced pursuant to a Rule 11(c)(1)(C) agreement rather than the guidelines, he expresses his disagreement with the Fourth Circuit's conclusion in *United States v. Brown*, 653 F.3d 337 (4th Cir. 2011) that Justice Sotomayor's concurring opinion in *Freeman v. United States*, 564 U.S. 522 (2011) is the controlling opinion in that case. However, he does acknowledge the *Brown* opinion, as well as later Fourth Circuit cases following *Brown*, including *United States v. Williams*, 811 F.3d 621 (4th Cir. 2016). Regardless of the merits of his argument regarding *Freeman* and *Brown*, this Court is bound by the Fourth Circuit's interpretation of *Freeman*. Thus, because his plea agreement did not expressly use a guideline range to establish the term of imprisonment, he is not entitled to relief under *Freeman*.

For these reasons and the reasons set forth in the order dismissing Petitioner's § 2255 petition, the Court concludes that he has not set forth sufficient grounds to cause the Court to alter or amend its prior order. Therefore, his motion for reconsideration, ECF No. 91, is **DENIED**.

**IT IS SO ORDERED**.[1]

*s/ Terry L. Wooten*
Terry L. Wooten
Chief United States District Judge

May 10, 2018
Columbia, South Carolina

---

[1] To the extent it is necessary to do so, the Court reiterates its position in the original order that it is not appropriate to issue a certificate of appealability as to the issues raised in this petition.